WESTERN MONTANA MARBLE & GRANITE CO., APPEL-
LANT, *v.* RHONE, RESPONDENT.

(No. 5,304.)

(Submitted October 31, 1923. Decided November 13, 1923.)

[220 Pac. 413.]

*Appeal and Error—Theory of Case—Assignments of Error
Based on New Theory not Reviewable.*

1.  Where a cause was tried on the theory of breach of contract,
and no question of right of rescission was raised by either pleadings
or proof, appellant's assignments of error based on the latter theory
will not be considered on appeal.

*Appeal from District Court, Sanders County; James M.
Self, Judge.*

ACTION by the Western Montana Marble & Granite Com-
pany against Lydia E. Rhone. Judgment for defendant and
plaintiff appeals. Affirmed.

*Mr. Ellsworth G. Smith,* for Appellant, submitted a brief;
*Mr. Edward Horsky,* of Counsel, argued the cause orally.

No appearance in behalf of Respondent.

MR. JUSTICE GALEN delivered the opinion of the court.

In this case it appears that on September 23, 1920, the
defendant at her home near Camas in Sanders county, was
solicited by one of plaintiff's agents to buy a monument to be
erected on the family burial lot in the Conrad Cemetery
at Kalispell, Montana, where her husband had been recently
buried. At that time she entered into a written contract
agreeing to pay $288 for the monument in place, in accord-
ance with specifications therein contained. Later she vis-
ited plaintiff's place of business at Missoula and made selec-
tion of a stone to be used in the construction of the monu-

ment, different from that described in the original contract, plaintiff agreeing to furnish it at the contract price. The monument was erected, presumably within the time stated in the original agreement, and the defendant refused to pay therefor, alleging a breach of contract.

As best we can determine from the record, Mrs. Rhone refused to accept the monument as appears from her testimony "during the summer or fall of 1921." This action was commenced to recover the sum of $288, the amount agreed to be paid for the monument.

The defendant, in answer to the plaintiff's complaint, denied that plaintiff delivered "a monument such as ordered by or contracted for" by her, and affirmatively alleged that she did order a monument of the plaintiff, but that the plaintiff made breach of contract by delivering an entirely different one than that agreed upon. Issue was joined by reply, generally denying the affirmative allegations of defendant's answer. The case was tried to a jury which returned a verdict in favor of defendant, upon which judgment was entered. The appeal is from the judgment.

We are not in position under the plaintiff's assignments of [1] error to consider the merits, if any, of plaintiff's appeal. All errors specified and argued by counsel are confined to alleged error on the part of the court respecting the law of rescission of a contract, whereas the defense in this case raised solely the question of breach of contract. The evidence introduced at the trial relates to a breach of the contract. No question of right of rescission is raised either by the pleadings or the proofs. Consequently we must and do hereby affirm the judgment.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.